IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -9 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-01480-BNB

RUBEN SEGURA,
Applicant,

v.

J. M. WILNER, Warden, FCI-Florence,
Respondent.

## ORDER OF DISMISSAL

Applicant Ruben Segura is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution at Florence, Colorado. Mr. Segura has filed *pro se* an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on August 7, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On August 27, 2008, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. On October 2, 2008, Mr. Segura filed an unsigned reply to the preliminary response. On October 3, 2008, Mr. Segura filed a signed copy of the reply.

The Court must construe the application and other papers filed by Mr. Segura liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the application is held to standards less stringent than those governing a

formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Segura is challenging the calculation of his federal sentence in this action. He contends that the BOP refuses to apply 786 days of detention credits to the sentence he is serving.

Respondent argues that this action should be dismissed because Mr. Segura has failed to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Segura. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

2

Mr. Segura concedes in the application that he has not exhausted administrative remedies prior to filing the instant action. However, he argues that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion of administrative remedies is not a jurisdictional prerequisite to relief in a habeas corpus action pursuant to § 2241. This argument lacks merit. The fact that exhaustion of administrative remedies is not required as a jurisdictional matter does not lead to the conclusion that Mr. Segura is not required to exhaust administrative remedies. As noted above, exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to § 2241. *See Williams*, 792 F.2d at 987.

Mr. Segura also argues that the exhaustion requirement should be excused because exhaustion of administrative remedies would be futile. Mr. Segura specifically argues that exhaustion would be futile because Respondent has refused to respond to his administrative remedy submissions and because the issue already has been decided against him. Mr. Segura also argues that he has suffered irreparable harm as a result of the delay in processing this action because he has lost the opportunity to participate in a substance abuse treatment program and because, if he obtains the detention credits he seeks, he would be eligible for immediate release.

Mr. Segura is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile in this action. For one thing, Mr. Segura fails to demonstrate that he has filed any administrative remedy requests regarding the issue he raises in this action. According to the BOP records submitted by Respondent in

3

support of his preliminary response, Mr. Segura has not filed any relevant administrative remedy requests. Mr. Segura's conclusory and unsupported allegations that Respondent has refused to respond to his administrative remedy submissions is insufficient to demonstrate that exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust.").

Furthermore, even if Mr. Segura did file an administrative remedy request that was not answered, he had the option of proceeding to the next step of the administrative remedy procedure when the time for a response expired. *See* 28 C.F.R. § 542.18. Mr. Segura does not allege that he made any effort to proceed to the next step of the administrative remedy procedure when he did not receive responses to the administrative remedy requests he allegedly filed.

Mr. Segura's argument that exhaustion would be futile because the issue already has been decided against him also lacks merit. Mr. Segura argues in the application that Respondent has taken the position that Mr. Segura is not entitled to the disputed credits and will not revisit the issue. However, the administrative remedy procedure outlined above provides two levels of review beyond any decision by Respondent in this action. Therefore, even if Respondent has predetermined the issue, exhaustion of administrative remedies is not futile because Mr. Segura can appeal that decision.

Mr. Segura argues in his reply that the detention credit issue already has been decided against him not just by Respondent but by the BOP. In support of this argument he points to the fact that the BOP has calculated his release date without

4

applying the detention credits he seeks. However, Mr. Segura fails to demonstrate that the BOP would not recalculate his release date if he successfully pursued his administrative remedies.

Finally, Mr. Segura's assertion that he has suffered irreparable harm also does not demonstrate that exhaustion of administrative remedies should be excused. As noted above, Mr. Segura contends that he has suffered irreparable harm as a result of the delay in processing this action because he has lost the opportunity to participate in a substance abuse treatment program and because, if he obtains the detention credits he seeks, he would be eligible for immediate release. However, Mr. Segura fails to recognize that any harm he has suffered as a result of delays in processing this action could have been avoided if he had exhausted administrative remedies prior to filing this action.

In conclusion, the Court finds that Mr. Segura's arguments for waiving or excusing the exhaustion requirement lack merit because he fails to demonstrate that he is unable to obtain the detention credits he seeks through the administrative remedy procedure. Mr. Segura also fails to demonstrate that requiring him to exhaust administrative remedies would cause irreparable harm. The fact that Mr. Segura has delayed the possibility of obtaining administrative relief by choosing to seek judicial relief prior to exhausting administrative remedies does not alter the Court's conclusion. Otherwise, a prisoner could avoid exhausting administrative remedies simply by waiting until it was possible to obtain immediate release and then proceeding to federal court and arguing that exhaustion would be futile and would cause irreparable harm.

For all of these reasons, the Court finds that Mr. Segura fails to demonstrate that exhaustion of administrative remedies would be futile. Mr. Segura may not exhaust "administrative remedies by, in essence, failing to employ them." **See *Jernigan v. Stuchell*** , 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 8 day of Oct. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01480-BNB

Ruben Segura
Reg. No. 07990-091
FCI - Florence
PO Box 6000
Florence, CO 81226

Hayley Reynolds
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/9/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk